UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GE COMMERCIAL DISTRIBUTION FINANCE CORP.,

          Plaintiff,
  vs                 7:09-CV-82

CASKINETTE AUTO SALES, INC.,

          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:         OF COUNSEL:

DEILY, MOONEY & GLASTETTER, LLP  JOANN STERNHEIMER, ESQ.
Attorneys for Plaintiff
8 Thurlow Terrace
Albany, New York 12203

DAVID P. ANTONUCCI, ESQ.
Attorney for Defendant
12 Public Square
Watertown, NY 13601

DAVID N. HURD
United States District Judge

## DECISION, ORDER OF SEIZURE and PERMANENT INJUNCTION

## I. INTRODUCTION

On January 26, 2009, an Order and Temporary Restraining Order was entered directing defendant Caskinette Auto Sales, Inc. ("Caskinette") to appear and show cause why an Order should not be entered authorizing the issuance of an Order of Seizure pursuant to N.Y. C.P.L.R. 7102, made applicable herein pursuant to Fed. R. Civ. P. 64, directing the United States Marshal or Sheriff of any county within the State of New York where the property may be found, to seize from Caskinette and deliver to plaintiff GE Commercial Distribution Finance Corporation ("GE CDF"):

    A. inventory, accounts, chattel paper, documents, furniture, equipment, fixtures, general intangibles, contract rights, deposit accounts, certificates of deposit, and books, records, disks and tapes;

    B. all accessions, accessories and replacements to or of the foregoing; and

    C. all proceeds and products of the foregoing; (hereinafter collectively referred to as the "Collateral").

Pursuant to N.Y. C.P.L.R. 7109 and Fed. R. Civ. P. 65(b), the Order further temporarily restrained and enjoined Caskinette and its respective servants, agents, employees, representatives, and all persons acting in concert with it from removing, transferring, dismantling, selling, pledging, encumbering, commingling, using, concealing, hiding or otherwise disposing of, or permitting to become subject to a security interest or lien, the Collateral, including all deposit accounts, described above in any manner inconsistent with plaintiff's interests therein.  Effectiveness of the Temporary Restraining Order was conditioned upon GE CDF posting an undertaking in the amount of $1,845,090.24, pursuant to the provisions of N.Y. C.P.L.R. 7102(e), which had been posted on January 23, 2009.

The Order to Show Cause was heard on February 6, 2009, in Utica, New York, at which time an evidentiary hearing regarding GE CDF's motion for a preliminary injunction was scheduled for February 17, 2009.  It was further ordered that the Temporary Restraining Order remain in full force and effect pending the hearing.  Defendant filed an Answer to plaintiff's Complaint on February 13, 2009.

The parties appeared for the evidentiary hearing on February 17, 2009, in Utica, New York.  Pursuant to Fed. R. Civ. P. 65(a)(2), the bench trial on the merits was advanced and consolidated with the hearing.  Neither party objected and the case proceeded to trial.

## II. THE BENCH TRIAL

Plaintiff called two witnesses to testify at trial: Daryl Douglas, GE CDF Account Manager, and Clare Woods, GE CDF Field Service Representative. Plaintiff's Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 were received into evidence. Defendant rested its case.

Decision was reserved. It was ordered that the Temporary Restraining Order remain in full force and effect pending a decision being rendered. The following constitutes findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52.

## III. FINDINGS OF FACT

1. GE CDF (as successor in interest of Duetsche Financial Services Corporation) and Caskinette entered into an Agreement for Wholesale Financing ("Agreement") on January 29, 2001.

2. Pursuant to the Agreement Caskinette granted GE CDF a security interest in all of its "inventory, equipment, fixtures, accounts, contract rights, chattel paper, security agreements, insurance policies, and payments owed or made to [Caskinette] thereon; all whether now owned or hereafter acquired, all attachments, accessories, accessions, returns, repossessions, exchanges, substitutions and replacements thereto, and all proceeds thereof." These assets are collectively referenced as "Collateral." (Pl.'s Ex. 1 ¶ 3.)

3. Pursuant to the Agreement Caskinette was to pay GE CDF the principal indebtedness on each unit of Collateral immediately upon the events of, among others, when a unit was lost, stolen, damaged, sold, transferred, rented, leased, or otherwise disposed of. Id. ¶ 9.

4. Additionally, Caskinette was to hold the proceeds of any Collateral in trust for GE CDF and, as set forth in the previous paragraph, immediately remit such proceeds to GE CDF.  Id.

5. When a dealer such as Caskinette sells a unit of Collateral and receives proceeds but fails to immediately remit the amount of indebtedness as to that unit to GE CDF, it has been sold-out-of-trust, or "SOT."

6. GE CDF conducts periodic audits of Caskinette's inventory, usually about once a month.

7. During an audit, when a field service representative cannot physically locate a unit of Collateral and no Manufacturer's Statement of Origin can be located, that unit of Collateral is designated "sold and unpaid" or "SOT."

8. A sold and unpaid or "SOT" unit of Collateral constitutes a default under the Agreement.  Id. ¶ 12.

9. On October 23, 2008, Clare Woods performed an audit of Caskinette's inventory on behalf of GE CDF.

10. During the October 23, 2008, audit, Clare Woods could not locate the unit of Collateral with serial number 5Y4AM18Y69A003301 ("unit 3301").

11. During the October 23, 2008, audit, Clare Woods could not locate the Manufacturer's Statement of Origin for unit 3301.

12. Clare Woods designated unit 3301 SOT.

13. During the October 23, 2008, audit, Clare Woods could not locate the unit of Collateral with serial number 5Y4AM16Y38A006206 ("unit 6206").

14. During the October 23, 2008, audit, Clare Woods could not locate the Manufacturer's Statement of Origin for unit 6206.

15. Clare Woods designated unit 6206 SOT.

16. An audit performed on November 17, 2008, revealed that unit 3301 remained SOT.

17. An audit performed on November 17, 2008, revealed that unit 6206 remained SOT.

18. An audit performed on December 8, 2008, revealed that unit 3301 remained SOT.

19. An audit performed on December 8, 2008, revealed that unit 6206 remained SOT.

20. On December 10, 2008, GE CDF sent a Notice of Payment Default and Demand for Cure to Sean Jeror ("Jeror"), the principal of Caskinette. This Notice demanded payment of the outstanding balance of $155,744.71 within three days and stated that Caskinette's credit facility had been suspended. It further notified Caskinette that if payment were not made within three days, it would seek all remedies to which it was entitled, including declaring the entire unpaid balance immediately due and payable and to repossess the Collateral. (See Pl.'s Ex. 4.)

21. Caskinette did not pay the outstanding balance to GE CDF.

22. On December 15, 2008, GE CDF sent a Notice of Acceleration and Termination after Failure to Cure to Jeror. This Notice exercised the right to accelerate payment of the entire unpaid balance owed by Caskinette, stated to be $544,021.25.

23. Both the December 10, 2008, Notice and the December 15, 2008, Notice mistakenly referenced an inventory financing agreement dated as of July 1, 2006, when the Agreement between GE CDF and Caskinette was dated January 29, 2001.

24. As of the date of trial Caskinette owed GE CDF an outstanding balance on its floor plan line of credit and for multiple units sold and unpaid, including unit 3301 and unit 6206.

25. GE CDF is incorporated in the State of Delaware. (Pl.'s Ex. 9.)

26. GE CDF headquarters is located in the State of Illinois. The Chief Executive Officer of GE CDF resides in Illinois. All direction to all GE CDF employees originates from the headquarters in Illinois.

27. GE CDF conducts business throughout the United States.

28. GE CDF conducts business in the State of New York and is registered with the New York Secretary of State as a foreign corporation doing business in the State.

29. The GE CDF account for Caskinette is managed from Atlanta, Georgia.

30. The principal place of business of GE CDF is in the State of Illinois. See Nassau Sports v. Peters, 352 F. Supp. 867, 868 (E.D.N.Y. 1972) (stating that principal place of business is a factual question).

31. Caskinette is a citizen of the State of New York and is located within the Northern District of New York.

32. The Collateral at issue is within the Northern District of New York.

**IV. CONCLUSIONS OF LAW**

1. Complete diversity exists between GE CDF, whose principal place of business is Illinois, and Caskinette, a citizen of New York. See First Nat'l Ins. Co. of America v. Joseph

R. Wunderlich, Inc., 358 F. Supp. 2d 44, 56 (N.D.N.Y. 2004), aff'd, 144 Fed. Appx. 125 (2d Cir. 2005). Contrary to defendant's argument, it is irrelevant for purposes of diversity jurisdiction that GE CDF is registered with the Secretary of State as a foreign corporation doing business in New York State. See Nassau Sports, 352 F. Supp. at 870.

     2. The amount in controversy exceeds the statutory threshold of $75,000. See 28 U.S.C. § 1332(a); see also Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995) (rejecting argument that amount in controversy could not be satisfied when sole relief sought was order compelling arbitration; amount is determined by "look[ing] through to the possible award"); A.F.A. Tours, Inc. v. Whitchurch, 937 F.2d 82, 87-88 (2d Cir. 1991) noting that where injunctive relief is sought, value of claim determined by the "extent of the impairment [of rights] to be prevented" and by looking at "potential harm" in addition to prior losses).

     3. Diversity jurisdiction exists over this action. See 28 U.S.C. § 1332.

     4. Defendant Caskinette is located in the Northern District of New York, therefore venue is proper in this forum. See 28 U.S.C. § 1391(a).

     5. As of the October 23, 2008, audit Caskinette was in default as defined by the Agreement by virtue of no longer being in possession of, or having sold, unit 3301 and unit 6206 without having immediately paid GE CDF the amount owed as to these units.

     6. Caskinette remained in default with regard to units 3301 and 6206 through the audits of November 17, 2008, and December 8, 2008.

     7. GE CDF properly notified Caskinette of the default by letter dated December 10, 2008, and warned of the consequences of a failure to cure.

     8. GE CDF was entitled to accelerate the full amount of indebtedness under the Agreement.

9.  GE CDF is entitled to take possession of the Collateral.

10.  The Agreement provides that Georgia law will govern its provisions.  However, New York choice of law rules govern because the Northern District of New York sits within New York.  See Gemological Inst. of America, Inc. v. Zarian Co., Ltd., No. 03 Civ. 4119, 2006 WL 2239594, at *2 (S.D.N.Y. 2006) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S. Ct. 1020, 1021 (1941).  Under New York choice of law rules, the "'validity of a transfer of personal property [is] governed by the law where the property is located at the time of the transfer."  Id. at *2 (quoting Wertheimer v. Cirker's Hayes Storage Warehouse, Inc., No. 105575/00, 2001 WL 1657237 (N. Y. Sup. Ct. Sept. 28, 2001)).  Thus, because the property in issue is located in New York, this replevin action is governed by New York law.

11.  GE CDF has established a possessory right to the Collateral and therefore is entitled to an Order of Seizure.  See Hofferman v. Simmons, 290 N.Y. 449, 455 (N.Y. 1943).

12.  Contrary to defendant's argument, it is irrelevant to the remedy sought by GE CDF that Community Bank N.A., which also has a security interest in some or all of the Collateral, is not a party to this action, since the existence of an additional lien is not a defense to a replevin action.  See Midlantic Commercial Leasing Corp. v. D.B.A. Knits, Inc., 167 A.D.2d 117, 118 (N.Y. App. Div. 1st Dep't 1990).

13.  Contrary to defendant's argument, a provisional remedy such as this replevin action is permitted by the Agreement and is not prohibited by the arbitration clause.  (See Pl.'s Ex. 1 ¶ 33.6.)

**V. <u>CONCLUSION</u>**

Caskinette was in default under the Agreement for Wholesale Financing as of October 23, 2008, and remained in default up to and including the time of trial.  GE CDF has

established its entitlement to possession of the Collateral, an Order of Seizure, and a permanent injunction.

Accordingly, it is

ORDERED that

1. Plaintiff GE CDF's motion for an Order of Seizure is GRANTED as to any and all of the sport cycles, all terrain vehicles, snowmobiles, personal watercraft or other marine vehicle, including any and all related parts and accessories, as more particularly set forth in the Appendix to this Decision and Permanent Injunction;

2. Defendant Caskinette Auto Sales, Inc. and its respective servants, agents, employees, representatives, and all persons acting in concert with it are PERMANENTLY RESTRAINED and ENJOINED from removing, transferring, dismantling, selling, pledging, encumbering, commingling, using, concealing, hiding or otherwise disposing of, or permitting to become subject to a security interest or lien, the Collateral, including all deposit accounts, described above in any manner inconsistent with plaintiff's interests therein;

3. Defendant Caskinette Auto Sales, Inc. shall fully cooperate with the efforts of GE CDF as to the seizure of such Collateral and shall make the same readily available to GE CDF and/or its representative for recovery;

4. In the event that the defendant does not cooperate fully with GE CDF in its efforts to recover the Collateral or GE CDF in its sole determination deems it necessary, the U.S. Marshall Service and/or the Sheriff of the County in which any of the Collateral may be situated shall assist in the seizure of such Collateral at the request of GE CDF and shall use any and all force necessary to assemble the Collateral including, but not limited to, the breaking open and entry into any building or other enclosure in which such Collateral may be

in order to seize the same, and shall deliver the same to GE CDF and or its agents or representative;

  5.  No findings are made as to the remaining inventory, parts, and equipment in the possession of the defendant, which is not specifically described in the Appendix, as any determination as to the rights in such shall be made and determined by an arbiter under the arbitration provisions contained in Section 33 of the Agreement for Wholesale Financing;

  6.  This Permanent Injunction does not limit or otherwise constrain GE CDF in its efforts to protect its rights in and entitlement to any of the remaining personal property of the defendant, including, but not limited to, GE CDF's utilization of the Federal Arbitration Act and any and all relief to which it may be entitled thereunder; and

  7.  All costs of this action shall be taxed to the defendant for which execution may issue.

  The Clerk of the Court is directed to enter judgment accordingly and close the file.

  IT IS SO ORDERED.

_____
United States District Judge

Dated: February 23, 2009
   Utica, New York.